[Civ. No. 1190.  Second Appellate District.—February 25, 1913.]

## F. H. GRIFFIN, Appellant, v. W. A. LONG et al., Respondents.

CONTRACTS—INTERPRETATION—RESORT TO EXTRINSIC CIRCUMSTANCES—RULES OF CODE.—Where a contract is reduced to writing, the intention of the parties should be ascertained from the instrument alone if possible; but if its meaning is doubtful, the court, for the purpose of ascertaining the intention of the parties, should in the interpretation thereof apply the rules prescribed by the Civil Code.

ID.—CONTRACT TO SELL MINE—GIVING EFFECT TO EVERY PART.—In the interpretation of a contract it is the duty of the court to give effect to every part thereof, if reasonably practicable. Under this rule some effect must be given to words, added to a contract for the sale of a one-fourth interest in mining property, that upon failure to pay one thousand five hundred dollars within thirty days the one-fourth interest in the property is to revert to the vendor.

ID.—DELIVERY OF DEED—CONFLICTING EVIDENCE—APPEAL.—A finding of the trial court, as to the delivery of a deed, where there is a substantial conflict of the evidence, will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

H. Scott Jacobs, and H. P. Brown, for Appellant.

E. T. Cosper, for Respondents.

SHAW, J.—This action was brought to recover money alleged to be due upon a contract, as follows:

"HANFORD, CAL., May 11th, 1907.

"This agreement made and entered into this 11th day of May, 1907, between F. H. Griffin, party of the first part, and W. A. Long, W. R. Newport and Robt. McCourt, parties of the second part, agree to payment of $1500 Dollars in Thirty days from date to be paid to the party of the first part, otherwise one-quarter interest in the Hattie B. Mica and Felspar Mine, situated in Los Angeles County to revert back to F. H. Griffin party of the first part.

"W. R. NEWPORT, ·
"R. L. McCOURT,
"W. A. LONG,
                    "Signed.

"F. H. GRIFFIN,
        "Signed."

In answering the complaint defendants alleged that the contract was intended by the parties to constitute a thirty-day option to purchase a one-quarter interest in certain mining property owned by plaintiff, and given by him to defendants. The court so found and gave judgment accordingly, from which, and an order denying his motion for a new trial, plaintiff appeals.

Where a contract is reduced to writing the intention of the parties should be ascertained from the instrument alone, if possible. (Civ. Code, sec. 1639.) If its meaning, however, be doubtful, the court, for the purpose of ascertaining the intention of the parties thereto, should in the interpretation thereof apply the rules prescribed by the code. (Civ. Code, sec. 1637.) The court, upon the theory that the contract in

question was uncertain and ambiguous in meaning, permitted defendants, over plaintiff's objection, to introduce parol evidence as to the relation of the parties, the circumstances under which the contract was executed, and the subject to which it related. This evidence, though conflicting, clearly tended to establish the following facts: At the time of the execution of the contract plaintiff was the owner of a three-quarters interest in the mining property mentioned therein and the defendants were the owners of a one-quarter interest, which they had theretofore purchased from appellant. Plaintiff was in straitened circumstances financially, and for the purpose of raising ready money approached defendants with a view of selling to them another one-fourth interest in the mine. The negotiation resulted in defendants declining to buy outright, but they did agree to take a thirty-day option thereon, and did agree that defendant Long should immediately advance to plaintiff three hundred dollars in cash, for which he gave his note, payable within thirty days, it being understood that if defendants exercised the option to buy Long should retain three hundred dollars out of moneys so due thereon from him to plaintiff, and if defendants did not so exercise the option, then defendants McCourt and Newport should sign the note for three hundred dollars so given by plaintiff to Long. At the expiration of the thirty days, and after defendants had determined that they would not buy the property, McCourt and Newport, in accordance with this understanding, signed the note in question. The contract was prepared by appellant, but before the execution thereof, and at the suggestion of defendants, the words, "otherwise one-quarter interest in the Hattie B. Mica and Felspar Mine, situated in Los Angeles County, to revert back to F. H. Griffin, party of the first part," were added thereto. Within thirty days plaintiff was informed that defendants declined to exercise the option to buy, but nothing appears to have been said or done by any one of the parties with reference to the obligation claimed to have been imposed by the contract until the commencement of the action, nearly four years later. Neither at the time of the execution of the contract, nor at any other time, did plaintiff deliver to defendants a deed or other conveyance to the one-fourth interest so covered by the option. While the court accorded to defendants considerable latitude in the

introduction of evidence, for the purpose of placing itself in the position of the parties, we are unable to perceive any prejudicial error in its rulings. Indeed, appellant fails to point out any specific error by reason whereof his substantial rights were prejudiced.

The chief contention of appellant is that the evidence shows that at the time of the execution of the contract plaintiff delivered to defendants a bill of sale of the one-fourth interest in the mine, and that if this fact be deemed established, the entire fabric of defendants' evidence, and upon which the court based its decision, is destroyed. A sufficient answer to this contention is that there was a substantial conflict of the evidence touching the question of delivery of the deed; and under the rule the conclusion of the trial court with reference to the delivery or nondelivery of the conveyance, as well to all other facts which the evidence tends to show, must, if necessary in support of the decision, be accepted by this court as established facts.

In the interpretation of a contract it is the duty of the court to give effect to every part thereof, if reasonably practicable. Under this rule, some effect must be given to the words added to the contract at the suggestion of defendants,—namely: that upon failure to pay the one thousand five hundred dollars the one-fourth interest in the property was to revert back to plaintiff. In no other way than by construing the whole contract as an option can effect be given this language. The contract as originally drawn obligated defendants to pay plaintiff the amount specified within thirty days. As thus prepared, it was, upon plaintiff's theory of the case, complete, and fully expressed the intention of the parties; hence the clause added thereto at the suggestion of defendants subserved no purpose whatever. Appellant's contention that the clause in question inserted (at defendants' request) was for plaintiff's benefit and intended as a lien or mortgage for the purpose of securing the sum specified in the contract, is, upon the record, untenable.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.